UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| GREGORY RYAN WEBB, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:23-cv-00017 |
| BRYANT DUNAWAY, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department, has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[1] In this case, Plaintiff has filed an Amended Complaint (Doc. No. 8) and several miscellaneous motions. (Doc. Nos. 4–6, 9–10). The Amended Complaint is before the Court for initial review. And as explained below, this case will be dismissed as frivolous because it is duplicative of Case No. 2:23-cv-00013.

**I.      Initial Review**

The Court must review and dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A(a). And because Plaintiff is representing himself, the Court must hold the Amended Complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

---

[1] Plaintiff also filed a habeas corpus petition. See Case No. 2:23-cv-00020. That case is subject to a different legal framework than Plaintiff's recent Section 1983 cases. The habeas case will be addressed by separate Order as well.

### A. Summary of the Amended Complaint

The Amended Complaint references two state court proceedings involving Plaintiff and his ex-wife, Lewana Castillo Webb: a criminal prosecution for misdemeanor domestic assault, and a proceeding in which Lewana[2] obtained an order of protection against Plaintiff. (Doc. No. 8 at 1–3). The Amended Complaint names eight Defendants involved in those proceedings: Gary McKenzie, the trial court judge in Plaintiff's criminal case; Jessica Burgess, the Circuit Court Clerk for Cumberland County, Tennessee; the "13th District DA's Office"; Bryant Dunaway, the District Attorney General (DA) for the 13th Judicial District, which includes Cumberland County; Phillip Hatch, an Assistant District Attorney (ADA) in Plaintiff's criminal case; Jolie Uzelac, another ADA in the criminal case; and Levi Gilliam, a law enforcement officer who responded to the scene of the alleged domestic assault and later testified in the criminal case.

The Court takes judicial notice that Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[3] One charge resulted in a nolle prosequi dismissal,[4] and the other led to Plaintiff being convicted and sentenced. Plaintiff's state criminal attorney filed a notice of appeal on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[5] The most recent development in order-of-protection case, meanwhile, is that Plaintiff

---

[2] The Court will refer to Lewana Webb by her first name to avoid confusion.

[3] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[4] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[5] The case number for this appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is also pending.[6]

Plaintiff alleges that Lewana orchestrated a conspiracy to stage the offense and deprive Plaintiff of rights to see his son. (Id. at 2). Plaintiff alleges that Judge McKenzie violated his rights in several ways throughout the criminal case, including by revoking Plaintiff's bond, delaying a mental health evaluation, cutting his attorney's argument short, yelling at Plaintiff during a hearing, wrongfully selecting a juror, permitting improper testimony, delaying sentencing, imposing the maximum sentence, and delaying a ruling on his motion for new trial. (Id. at 5–8). Plaintiff alleges Circuit Court Clerk Burgess did not properly file or present "evidence [Plaintiff] submitted pro se." (Id. at 9). He alleges that Officer Gilliam did not give Plaintiff an alleged picture from the scene when Plaintiff asked for it at the February 2023 trial. (Id. at 5). And he alleges that DA Dunaway, ADA Hatch, and ADA Uzelac prosecuted him despite knowing that he was not an abuser, withheld exculpatory evidence, and allowed Lewana to commit perjury. (Id. at 3–4).

**B.    Analysis**

To pass initial review, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint necessarily "fail[s] to state a claim upon which relief can be granted" if it is "legally frivolous." Id. (citing Neitzke v. Williams, 490 U.S. 319, 328–29 (1989)). Legally frivolous complaints include those that are "duplicative of [an] earlier action." Peoples v. Reno, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000) (collecting cases); see also Cummings v. Mason, No. 1:11-cv-649, 2011 WL

---

[6] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023).

2745937, at *1 (W.D. Mich. July 13, 2011) (collecting cases) ("[A]n in forma pauperis complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious."). And "[a] complaint is duplicative . . . if the claims, parties and available relief do not significantly differ from an earlier-filed action." Cummings, 2011 WL 2745937, at *2 (citing Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)).

This case is duplicative of Webb v. Frickling, et al., Case No. 2:23-cv-00013. That case was already pending when Plaintiff filed this case. Compare Case No. 2:23-cv-00013, Doc. No. 1 (original complaint received on April 3, 2023), with Case No. 2:23-cv-00017, Doc. No. 1 (original complaint received on April 7, 2023). And in that case, just as in this case, Plaintiff sued a slew of Defendants involved in the criminal proceedings that resulted in his domestic assault conviction, alleging a conspiracy to deprive Plaintiff of fair proceedings in various ways.

The Amended Complaint in Case No. 2:23-cv-00013, to be clear, is not identical to the Amended Complaint in this case. There, Plaintiff's allegations addressed not just his criminal case, but also his state civil matters and his conditions of confinement at the Cumberland County Jail. And the Amended Complaint in this case is somewhat more specific in attributing certain alleged actions to individual Defendants. But cases do not need to be identical to be duplicative; rather, the cases "must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997) (citations omitted). And in a Memorandum Opinion and Order that is being entered in Case No. 2:23-cv-00013, the Court has determined that Plaintiff cannot pursue civil claims against Defendants involved in his criminal proceedings that would necessarily invalidate Plaintiff's domestic assault conviction—a conviction that is currently on direct appeal and thus has not been set aside. See Heck v. Humphrey, 512 U.S. 477, 587 (1994). That is the exact type of civil claim that Plaintiff is asserting in this

case. Additionally, all but one of the Defendants in this case (Levi Gilliam) are also sued in Case No. 2:23-cv-00013. See English v. Runda, No. 88-6302, 1989 WL 51408, at *1 (6th Cir. May 18, 1989) (holding that a case duplicated a prior case despite having different defendants because the prior case's resolution would "necessarily decide the issues" in the duplicated case). And Plaintiff requests very similar relief in both cases. Compare Case No. 2:23-cv-00013, Doc. No. 4-1 at 14 (requesting monetary relief, federal charges, the removal of Defendants from office, reversal of Plaintiff's divorce, and full custody of his son), with Case No. 2:23-cv-00017, Doc. No. 8 at 10 (requesting monetary relief, federal charges, and the removal of Defendants from office).

Given this overlap in claims, parties, and requested relief, this case is duplicative of Case No. 2:23-cv-00013. Accordingly, this case will be dismissed as frivolous.

## II. Conclusion

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** as frivolous because it is duplicative of Case No. 2:23-cv-00013. Because this case is being summarily dismissed as duplicative, Plaintiff's pending motions (Doc. Nos. 4–6, 9–10) are **DENIED AS MOOT**, and the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Plaintiff, therefore, will not be granted pauper status on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE